[Crim. No. 3504.    Second Dist., Div. One.    Sept. 23, 1941.]

In re ALLAN SWANSON et al., on Habeas Corpus.

Anna Zacsek for Petitioners.

YORK, P. J.—The petition for writ of *habeas corpus* is denied. There is no showing that any evidence of former jeopardy was introduced before the trial court; in fact, the record of the superior court which is before this court fails to show any such evidence. The date referred to in the petition upon which it is alleged the former jeopardy attached is on or about the date of the preliminary hearing had by petitioners.      There is no provision in law for the doing of a useless act. The section relied upon by petitioners, i. e., subd. 2, sec. 1155, Penal Code, is not applicable where no evidence is introduced to either prove or disprove the plea of former jeopardy. The conclusions contained in the petition and in the supporting affidavit which were drawn by the attorney for petitioners must be disregarded. An examination of the record fails to disclose that anything was done by the trial court to the prejudice of either petitioner.

We are not informed by the petition as to whether any evidence of any kind was introduced to sustain the plea of

once in jeopardy. We are not informed as to whether the petition addressed to the superior court for a writ of *habeas corpus* has ever been finally determined by that court. The petition before this court alleges that no other application for a writ of *habeas corpus* has been made on behalf of petitioners, but the affidavit thereunto attached refers to a petition submitted "to the Honorable Judge Brand, sitting as presiding Judge *pro tem.* in Department 41 of the Superior Court," and certain statements made by Judge Brand are included in the affidavit, but the strongest statement made as to whether or not it was passed upon is the following, "For this reason he declined to issue the Writ, and recommended that it be submitted to the District Court for their consideration." Whether said petition for a writ of *habeas corpus* was withdrawn, or whether the court made an order denying the same is not set forth. The affidavit in support of the writ signed by the attorney for petitioners states: "That the copy of the original Petition submitted as hereinbefore stated, is hereto attached and marked Exhibit 'A'." No such copy is either submitted or attached to the original petition or affidavit presented to this court.

In the absence of any showing of any kind whatsoever, either by inference or otherwise, that any evidence was introduced before the trial court proving or disproving the plea of former jeopardy, this court is without power to issue the writ prayed for.

The petition and the affidavit in support thereof being absolutely insufficient, this court before passing upon said petition and desiring "to obtain information concerning any matter of record pertaining to the case" (rule XXII, sec. 3, Rules for the Supreme Court and District Courts of Appeal), requested the custodian of the record in the superior court to produce the same, and the same has been produced. Said record fails to disclose that any evidence was introduced on behalf of petitioners to either prove or disprove their plea of once in jeopardy. From the date shown in said record, it is apparent that petitioners are relying or attempting to rely upon their preliminary hearing in the municipal court at Long Beach, upon which hearing they were ordered held for hearing in the superior court. The judgment of conviction was rendered in said superior court, which is the judg-

ment complained of in this petition for writ of *habeas corpus.* We are not here concerned with a situation where a petitioner presents and files a petition in his own behalf, but with one prepared by an attorney at law with a number of years of experience before the bar. At least, on a *habeas corpus* petition of the kind here presented, the fact that the court sitting without a jury found the petitioners guilty, as charged, would in effect include an implied finding against petitioners on the question of once in jeopardy.

The petition is denied.

Doran, J., concurred.

WHITE, J., Dissenting.—I dissent. An examination of the superior court file containing the proceedings had in connection with the trial therein of petitioners, and which examination is now authorized by section 3 of article XXII, paragraph 1 of the Rules for the Supreme Court and District Courts of Appeal, clearly reveals that in said superior court action, when these petitioners were arraigned therein as defendants for plea, they specifically pleaded that they and each of them had been once in jeopardy for the offense charged against them in the Municipal Court of the City of Long Beach on March 4, 1941. This plea was entered in the minutes of the court. The cause proceeded to trial, and the record discloses that at the conclusion of the trial, which was had before a judge sitting without a jury, the court found the defendants guilty of the offense of conspiracy to commit theft, in violation of section 484 of the Penal Code, but made no finding whatsoever upon the plea of former jeopardy. By the provisions of subdivision 2 of section 1155 of the Penal Code it is specifically provided that ''If the plea is a former conviction or acquittal of the same offense, the court must give judgment of acquittal or conviction, as the facts prove or fail to prove the former conviction or acquittal.''

The judgment rendered in the superior court action not being in accord with the requirements of law, as appears from the petition on file before us, together with the files of the superior court action, I am of the opinion that the petition for a writ of *habeas corpus* should be granted, to the end that due inquiry may be made as to the legality of petitioners' detention under the judgment rendered in the superior court action.